```
            IN THE UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```

|   |   |   |
|---|---|---|
| CAREASHA JACKSON, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19-cv-02886-SHM-cgc |
| | ) | |
| VALERIY TRENDAFILOV, ET AL., | ) | |
| | ) | |
|     Defendants. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

This is a personal injury case. On February 18, 2022, Defendant Prestige Transportation, Inc. ("Prestige") filed a Motion for Partial Summary Judgment (the "Motion"). (D.E. 40.) Plaintiff Careasha Jackson has not responded to the Motion. The deadline to file a response has passed. For the following reasons, Prestige's Motion is **GRANTED**.

## I. Background

In her Complaint, Jackson alleges that on November 22, 2018, she was traveling westbound on Interstate Highway I-40 in Shelby County, Tennessee. (ECF No. 1-2 at ¶¶ 7, 8.) Jackson was driving a 2013 Hyundai Sonata in the left lane. (ECF No. 1-2 at ¶ 8, 9.) Defendant Valeriy Trendafilov ("Trendafilov") was driving a 2011 Freightliner TK tractor trailer in the right lane. (ECF No. 1-2

at ¶ 10.) Trendafilov attempted to switch lanes. (ECF No. 1-2 at ¶ 11.) The tractor trailer collided with the front right side of Jackson's car, injuring Jackson. (ECF No. 1-2 at ¶ 13.) Jackson asserts a negligence claim against Trendafilov and seeks to hold Prestige vicariously liable under the doctrine of respondeat superior. (ECF No. 1-2 at ¶ 18.) Jackson also asserts that Prestige is directly liable for the negligent hiring, training, entrustment, and retention of Trendafilov, and for failing to meet its duties and responsibilities under the Federal Motor Carrier Safety Regulations, Tennessee law, and industry standards. (ECF No. 1-2 at ¶¶ 33, 35, 38-41, 44.)

In its Statement of Undisputed Material Facts, Prestige acknowledges that on November 22, 2018, Trendafilov was driving his tractor trailer westbound on I-40. (ECF No. 41 at ¶¶ 1, 3.) Prestige acknowledges that Trendafilov was working as an independent contractor for Prestige. (ECF No. 41 at ¶ 4; ECF No. 40-2, PageID 144, Resp. to Interrog. No. 13.) It disputes the circumstances surrounding the accident and which driver was at fault for the alleged collision. (ECF No. 41 at ¶ 2.)

**II.  Jurisdiction and Choice of Law**

The Court has diversity jurisdiction under 28 U.S.C. § 1332. A federal district court has original jurisdiction of all civil actions between citizens of different states "where the matter

in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1).

Jackson is a citizen and resident of Arkansas. (ECF No. 1 at ¶ 4.) Prestige is a California corporation with its principal place of business in California. (ECF No. 1 at ¶ 5.) Trendafilov is a citizen and resident of Nevada. (ECF No. at ¶ 5.) There is complete diversity. See 28 U.S.C. § 1332(a)(1) (diversity exists when the parties are citizens of different states).

The removing party bears the burden of demonstrating that the amount in controversy exceeds the amount required by statute. See Shupe v. Asplundh Tree Expert Co., 566 F. App'x 476, 478 (6th Cir. 2014). Defendants have provided evidence that Jackson's claims exceed $75,000. (ECF No. 1 at ¶ 4.) The amount in controversy is satisfied. See 28 U.S.C. § 1332(a)(1).

A federal court sitting in diversity applies the law of the forum state, including the forum's choice-of-law rules. Atl. Marine Constr. Co. Inc. v. U.S. Dist. Ct. for W. Dist. of Tex., 571 U.S. 49, 65 (2013); Standard Fire Ins. Co. v. Ford Motor Co., 723 F.3d 690, 692 (6th Cir. 2013). It is undisputed that Tennessee law applies in this case. When considering issues of state law, federal courts "must follow the decisions of the state's highest court when that court has addressed the relevant issue." Talley v. State Farm Fire & Cas. Co., 223 F.3d 323, 326 (6th Cir. 2000). If the forum state's highest court has not

addressed the issue, federal courts must "anticipate how the relevant state's highest court would rule in the case and are bound by controlling decisions of that court." In re Dow Corning Corp., 419 F.3d 543, 549 (6th Cir. 2005).

### III. Standard of Review

Under Federal Rule of Civil Procedure 56(a), a court must grant a party's motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must show that the nonmoving party, having had sufficient opportunity for discovery, lacks evidence to support an essential element of its case. See Fed. R. Civ. P. 56(c)(1); Peeples v. City of Detroit, 891 F.3d 622, 630 (6th Cir. 2018).

When confronted with a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine dispute for trial. See Fed. R. Civ. P. 56(c). "A 'genuine' dispute exists when the plaintiff presents 'significant probative evidence' 'on which a reasonable jury could return a verdict for her.'" EEOC v. Ford Motor Co., 782 F.3d 753, 760 (6th Cir. 2015) (en banc) (quoting Chappell v. City of Cleveland, 585 F.3d 901, 913 (6th Cir. 2009)). The nonmoving party must do more than simply "show that there is some metaphysical doubt as to the material facts." Lossia v.

Flagstar Bancorp, Inc., 895 F.3d 423, 428 (6th Cir. 2018) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)).

"[W]hen faced with an unopposed motion for summary judgment, the district court cannot grant a motion for summary judgment without first considering supporting evidence and determining whether the movant has met its burden." Byrne v. CSX Transp., Inc., 541 F. App'x 672, 675 (6th Cir. 2013); see also Delphi Auto. Sys., LLC v. United Plastics, Inc., 418 F. App'x 374, 381 (6th Cir. 2011) ("[A] district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden."). A district court need not conduct its own search of the record. See Guarino v. Brookfield Twp. Trustees, 980 F.2d 399, 405 (6th Cir. 1992). "The court may rely on the moving party's unrebutted recitation of the evidence in reaching a conclusion that facts are uncontroverted and that there is no genuine issue of material fact." Jones v. Kimberly Clark Corp., 238 F.3d 421 (6th Cir. 2000).

**IV. Analysis**

Prestige argues that Jackson's direct negligence claims should be dismissed under the "preemption rule" – a doctrine providing that "a plaintiff may not proceed against an employer

5

on direct negligence claims once the employer has admitted vicarious liability for the action of its agent under the doctrine of respondeat superior." (See ECF No. 40-3, PageID 181 (collecting cases)). The rationale for the preemption rule is that, "where vicarious liability [is] admitted and none of the direct liability theories could prevail in the absence of proof of the employee's negligence, the employer's liability [is] necessarily fixed by the negligence of the employee. Thus, any additional evidence supporting direct liability claims could serve only to waste time and possibly prejudice the defendants." Wilson v. Image Flooring, LLC, 400 S.W.3d 386, 393 (Mo. App. W.D. 2013) (citing McHaffie v. Bunch, 891 S.W.2d 822, 26 (Mo. 1995)). Preemption is a majority rule, followed in most jurisdictions. See Scroggins v. Yellow Freight Sys., Inc., 98 F. Supp. 2d 928, 932 (E.D. Tenn. 2000) (collecting cases).

Tennessee state courts "have not yet addressed" whether to adopt the preemption rule. See Jones v. Windham, No. W2015-00973-COA-R10-CV, 2016 WL 943722 (Tenn. Ct. App. Mar. 11, 2016), vacated, Aug. 19, 2016. The Court must anticipate how the Tennessee Supreme Court would rule in this case. See In re Dow Corning Corp., 419 F.3d at 549. However, the Court does not write on a clean slate. United States district courts sitting in each of the districts in Tennessee have concluded that the Tennessee Supreme Court would adopt the preemption rule. See Madrid v.

6

Annett Holdings, Inc., No. 1:21-CV-1173-STA-JAY, 2022 WL 1005307, at *3 (W.D. Tenn. Apr. 4, 2022); Freeman v. Paddack Heavy Transp., Inc., No. 3:20-CV-00505, 2020 WL 7399026, at *3 (M.D. Tenn. Dec. 16, 2020); Ryans v. Koch Foods, LLC, No. 1:13-CV-234-SKL, 2015 WL 12942221, at *9 (E.D. Tenn. July 8, 2015).

District courts have found the Tennessee Supreme Court's decision in Ali v. Fisher, 145 S.W.3d 557 (Tenn. 2004) instructive. In Ali, the Tennessee Supreme Court held that "fault in a negligent entrustment case must be apportioned between the entrustor and an entrustee" and explained that Tennessee courts "have only rarely departed from the allocation of fault required under the system of comparative fault." Id. at 562-64. However, the Ali court noted that cases "where vicarious liability is based on an agency relationship between a principal and the principal's negligent agent, such as . . . respondeat superior" were an exception to the system of comparative fault. Id. at 564 (citing Browder v. Morris, 975 S.W.2d 308, 311-12 (Tenn. 1998)).

District courts have reasoned that, where the respondeat superior exception identified in Ali applies, a principal is liable for any fault assigned to the agent and any damages resulting from the agent's negligence. See, e.g., Madrid, 2022 WL 1005307, at *3. Direct negligence claims that cannot prevail without proof of the agent's negligence do not enlarge the plaintiff's potential recovery. Id. Where the principal has

7

conceded respondeat superior liability for its agent's alleged negligence, the preemption rule serves to exclude proof that may be unduly prejudicial to the principal. Id.

The Court finds this line of authority persuasive. Under Tennessee law, a direct negligence claim against a principal that cannot prevail without proof of the agent's negligence is precluded once the principal admits its agent was acting in the course and scope of his agency and concedes liability for the alleged negligence under the doctrine of respondeat superior. Prestige acknowledges that, at the time of the alleged collision, Trendafilov was acting as Prestige's agent. (ECF No. 41 at ¶¶ 1, 3.) Jackson's direct negligence claims cannot prevail without proof of Trendafilov's negligence. Prestige acknowledges that it will be vicariously liable under respondeat superior if Trendafilov is found negligent. Because the requirements of the preemption rule are satisfied, Prestige's Motion is **GRANTED**.

## V. Conclusion

For the foregoing reasons, Prestige's Motion is **GRANTED**. Jackson's direct negligence claims against Prestige are **DISMISSED**.

SO ORDERED this 27th day of May, 2022.

        */s/ Samuel H. Mays, Jr.*
        SAMUEL H. MAYS, JR.
        UNITED STATES DISTRICT JUDGE